



FILED
Mar 11, 2019
02:15 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Gibson | ) | Docket No.  2017-02-0449 |
| | ) | |
| v. | ) | State File No. 7430-2018 |
| | ) | |
| Dawn of Hope Development | ) | |
| Center, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

**Affirmed and Certified as Final – Filed March 11, 2019**

---

The employee alleged suffering a hernia and other injuries while assisting a resident at the development center where he worked.  The employer denied the claim, contending the employee's injuries did not arise out of and in the course and scope of the employment and, further, that the employee did not provide timely notice of his injuries.  The employer ultimately filed a motion for summary judgment.  The trial court granted the motion and dismissed the case.  The employee has appealed.  We affirm the trial court's decision and certify its order dismissing the case as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner and Judge David F. Hensley joined.

William Gibson, Johnson City, Tennessee, employee-appellant, pro se

Kelly Campbell, Morristown, Tennessee, for the employer-appellee, Dawn of Hope Development Center, Inc.

## Memorandum Opinion[1]

William Gibson ("Employee"), a resident of Washington County, Tennessee, worked as a "Residential Direct Support Professional" for Dawn of Hope Development

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Center, Inc. ("Employer").  Employee alleged suffering a hernia on April 15, 2017, after apparently assisting a resident who was using a bedside toilet.  There is no dispute Employee had at least one pre-existing hernia for which he had previously undergone surgery.[2]

Employee filed a petition seeking benefits for the alleged hernia and, later, an amended petition alleging injuries to his neck, shoulder and knees, hypertension, difficulty sleeping, and mental injuries.  Employer denied the claim on the basis that Employee failed to provide timely notice of his injuries and that the injuries did not arise primarily out of and in the course and scope of the employment.

As pertinent to this appeal, Employer filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law because Employee's medical proof was insufficient to establish causation.  Employer asserted that the only medical proof presented showed Employee's hernia predated the alleged date of injury, and that there was no expert medical proof establishing his other complaints had any connection to his work for Employer.  Along with medical records it submitted, Employer supported its motion with affidavits from supervisors and other employees stating that Employee had not reported suffering any work-related injuries while he worked for Employer.

Employee did not respond to Employer's summary judgment motion in the manner required by Tennessee Rule of Civil Procedure 56.  Nor did he participate in the summary judgment hearing.  Following the hearing, the trial court concluded there were no medical opinions relating Employee's alleged injuries to his work for Employer.  Regarding the alleged hernia in particular, the trial court observed that Dr. Kenneth Cutshall, a surgeon, had concluded Employee's hernia "was a recurrent incisional hernia from a prior hernia repair and predated the alleged injury date."  No other expert evidence was presented, and the trial court granted Employer's motion for summary judgment and dismissed the case.

In his notice of appeal, Employee states: "[d]ue process, attorney Campbells misconduct, Bill of Rights, amendments, 2000 aprox cites of law, condition promise."  However, none of these assertions addresses the trial court's grant of summary judgment.  Moreover, Employee has not filed a brief on appeal, and he has offered no argument explaining how he believes the trial court erred in granting the motion for summary judgment.  Employee has not made any argument in support of his appeal, and we decline to do so for him.  *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").  Were we to search the record for possible errors and raise issues and arguments for Employee, we would be

---

[2] It appears Employee underwent a hernia repair in 2011 and was diagnosed with a second hernia in 2015.

acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

We note parenthetically that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). In the present case, we cannot and will not craft an argument in support of Employee's appeal.

For the foregoing reasons, the trial court's order is affirmed and certified as final.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| William Gibson | ) Docket No. 2017-02-0449 |
| | ) |
| v. | ) State File No. 7430-2018 |
| | ) |
| Dawn of Hope Development | ) |
| Center, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of March, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| William Gibson | | | | | X | chefwilliamgibson@gmail.com |
| Kelly Campbell | | | | | X | kcampbell@wimberlylawson.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov